IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHARON RENEA KORNEGAY,<br><br>*Plaintiff*,<br><br>v.<br><br>SECRETARY OF THE AIR FORCE,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:19-cv-00317-TES |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss [Doc. 17] Plaintiff's Complaint, alleging it is barred by her failure to fully exhaust her administrative remedies before she filed this suit. Plaintiff Sharon R. Kornegay filed suit against Defendant on August 8, 2019, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Rehabilitation Act of 1973 ("RA"). [Doc. 1, pp. 3, 7]. However, according to the Secretary, Plaintiff failed to exhaust administrative remedies because (1) she elected to initially pursue the Air Force's grievance process but did not fully complete that avenue and (2) her Air Force's Equal Employment Office ("EEO") complaint relates to the same matter as her union grievance. As explained in greater detail below, the Court agrees and **GRANTS** Defendant's Motion to Dismiss [Doc. 17].

## **BACKGROUND**

Neither party disputes the critical facts surrounding the issue of exhaustion. Plaintiff works at Warner Robins Air Force Base. [Doc. 1, p. 5]. She alleges Defendant failed to accommodate her disabilities, "fibromyalgia, rheumatoid arthritis, [and] osteoarthritis", when Defendant denied her a handicapped parking space. [*Id.*, p. 4]. Plaintiff stated the discriminatory acts occurred on September 5, 2018, when she returned to her job on a full-time basis, and October 17, 2018, when Defendant again denied her handicap parking and she filed an informal complaint for discrimination based on a disability with the EEO. [*Id.*, pp. 4—6]; [Doc. 1-1, p. 1].

However, Plaintiff's attempts to obtain her desired parking arrangement dates back further than September 5, 2018. Before filing a complaint with the EEO, Plaintiff initially chose to pursue her rights through her collective bargaining agreement by filing a "standard grievance form" on May 10, 2018, alleging a "violation of article 19 of the [Master Labor Agreement]." [Doc. 17-2, p. 1]; [Doc. 1-1, p. 1]. Plaintiff then participated in the Step 1 level and Step 2 level of the negotiated grievance process, where she and the Air Force's representatives discussed the handicap parking situation at both levels. [Doc. 17-4, p. 1]; [Doc. 17-5, p. 1]; [Doc. 1-1, p. 1]. While Plaintiff received some relief, the Air Force's representatives denied her request for a handicap parking space. [Doc. 17-5, p. 2].

On September 25, 2018, the Step 2 decision stated that she could elevate the matter to arbitration. [Doc. 17-5, pp. 2—3]. However, Plaintiff instead chose to pursue her rights through another avenue—by filing a complaint with the EEO. On October 17, 2018, Plaintiff contacted the EEO "to file an informal complaint of discrimination based on disability", and—after her informal complaint failed to resolve the issue—she filed "a formal complaint of discrimination on April 18, 2019." [Doc. 1-1, p. 1]. On May 10, 2019, the EEO dismissed her complaint "[s]ince this matter was addressed in the negotiated grievance procedure that permits allegations of discrimination, they may not be further pursued in the formal EEO process." [*Id.*]. Plaintiff then filed suit, alleging violations of Title VII, ADA, and RA. [Doc. 1, pp. 3, 7].

## DISCUSSION

**A.    Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations in a plaintiff's complaint. *See Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009). A plaintiff's claims will survive a motion to dismiss if the complaint pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action" or "conclusory statements." *Iqbal*, 556 U.S. at 678.

To decide whether a complaint survives a motion to dismiss, district courts are instructed to use a two-step framework. *See McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* (citation omitted). After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Although complaints filed by *pro se* litigants are to be liberally construed, the Court will not "serve as de facto counsel . . . or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F.Supp.2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir.1998)).

A court is generally limited to consider only the pleadings and the exhibits to the pleadings in ruling on a motion to dismiss. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam). The Federal Rules of Civil Procedure provide that if a motion under Rule 12(b)(6) contains "matters outside the pleadings [] presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (if a 12(b)(6) motion is treated as one for

summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion").

However, "a district court may consider a document attached to a motion to dismiss without converting the motion into a motion for summary judgment if (1) the document is central to plaintiff's claim, and (2) its authenticity is not challenged." *Brady v. Postmaster Gen. U.S. Postal Serv.*, 521 Fed. Appx. 914, 916 (11th Cir. June 11, 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Further, as recently noted by this Court,

> [t]he defense of failure to exhaust non-judicial remedies raises a matter in abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (citations omitted). As in the case of other matters in abatement, e.g. jurisdiction, venue, and service of process, a district court may—indeed, necessarily must—consider facts outside the pleadings and resolve factual disputes to determine whether an exhaustion defense has merit "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*. at 1376 (citations omitted). *See also, e.g., Snow v. Cirrus Educ. Grp.*, No. 5:17-CV-208, 2017 WL 6001502, at *3 (M.D. Ga. Dec. 4, 2017); *Akkasha v. Bloomingdale's, Inc.*, 2019 WL 7480652, at *3 (S.D. Fla. Dec. 18, 2019) (on appeal). Plaintiffs who allege disability discrimination by their employers bear "the burden of proving all conditions precedent to filing suit . . . ." *Maynard v. Pneumatic* Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001).

*Chesnut v. CC Servs., Inc.*, No. 5:18-CV-404 (MTT), 2020 WL 1433876, at *3 (M.D. Ga. Mar. 24, 2020). Here, Plaintiff has not disputed the authenticity of Defendant's attached exhibits, and the exhibits are central to Plaintiff's claims because an aggrieved federal employee must first exhaust her available administrative remedies before she can bring a lawsuit under Title VII, the RA, and the ADA. *See Bond v. Dep't of Air Force,* 202 F.

5

App'x 391, 393 (11th Cir. 2006); *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990); *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014).

    **B.**    <u>**Failure to Exhaust Administrative Remedies**</u>

"The Civil Service Reform Act of 1978 ("CSRA")[, 5 U.S.C. § 7101 et seq.,] protects the rights of federal employees to collectively bargain and sets forth how negotiated grievance procedures should interact with statutory employment procedures." *Williams v. Paulson*, No. 1:06-CV-0876-CC-AJB, 2007 WL 9652983, at *25 (N.D. Ga. Dec. 24, 2007) (quoting *Rosell v. Wood*, 357 F. Supp. 2d 123, 128 (D.D.C. 2004)). "The CSRA requires unions and federal employers to include procedures for settling grievances in their collective bargaining agreements. The term 'grievance' is defined to include any complaint 'by any employee concerning any matter relating to the employment of the employee.' " *Id.* (quoting *Fernandez v. Chertoff*, 471 F.3d 45, 52 (2d Cir. 2006)). Typically, "the collective bargaining agreement grievance procedures 'shall be the exclusive administrative procedures for resolving grievances which fall within [the CBA's] coverage.' " *Id.* (quoting 5 U.S.C. § 7121(a)(1)). However, "[a] federal employee may challenge alleged discrimination either through the negotiated grievance procedure or through the statutory procedures [by filing a complaint with the EEO], but not through both." *Bond v. Roche*, No. 5:04-cv-377, 2006 WL 50624, *3 (M.D. Ga. 2006) (citing 5 U.S.C. § 7121(d) and 29 C.F.R. 1614.301(a)). "By timely filing a grievance in writing, a federal employee has exercised his or her option to pursue claims through the

6

negotiated grievance process." *Nixon v. Comm'r of Soc. Sec.*, No, 2:19-cv-01012-RDP, 2020 WL 4260603, at *5 (N.D. Ala. July 24, 2020) (citing 5 U.S.C. § 7121(d) and 29 C.F.R. § 1614.301(a)); *see Troupe v. Brennan*, No. 5:15-cv-2340-LCB, 2020 WL 1536388, at *4 (N.D. Ala. Mar. 31, 2020).

"If the union grievance procedure is invoked, the employee commits 'to resolving h[er] grievance in accordance with the procedures prescribed in the collective bargaining agreement between h[er] union and h[er] employing agency.' " *Nixon,* 2020 WL 4260603, at *5 (citing *Fernandez,* 471 F.3d at 52). "Upon completing the union grievance process, an employee can then appeal that decision to the EEOC." *Id.* (citing *Troupe*, 2020 WL 1536388, at *4). But here, Plaintiff did not *fully* exhaust the union-grievance procedure because she only completed the Step 1 and 2 levels. Despite having the option to proceed to arbitration after the Step 2 level and then appeal the decision to the EEOC, Plaintiff prematurely abandoned the process and elected to pursue her grievance through a separate EEO complaint. [Doc. 17-5, pp. 2—3]. Plaintiff's decision to change course—before exhausting her union grievance—restricts her ability to file suit in federal court for two reasons.

First, while both statutory and union grievance procedures provide for judicial review of discrimination claims, Plaintiff's failure to exhaust the grievance process prohibits her from filing suit in federal court. *See Moreno v. McHugh*, No. ELH–10–2511, 2011 WL 2791240, at *9 (D. Md. Jul. 14, 2011) ("An employee who elects to pursue the

7

grievance process under a collective bargaining agreement must exhaust that process before filing suit."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990); *see also Vinieratos v. U.S. Dep't of Air Force,* 939 F.2d 762, 770 (9th Cir. 1991) ("When a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, [s]he fails to exhaust his chosen remedy and thereby forecloses judicial review."); *Taylor v. Dam*, 244 F. Supp. 2d 747, 757 (S.D. Tex. 2003) ("[A]n aggrieved federal employee must elect an exclusive administrative remedy and fully exhaust the remedy chosen").

Second, courts have consistently held that a plaintiff is not permitted to change course after filing her union grievance. *Mohr v. Esper*, No. 5:18-cv-01628-HNJ, 2019 WL 8014316, at *8 (N.D. Ala. Aug. 19, 2019) (collecting cases); *see Heimrich v. Dep't of the Army*, 947 F.3d 574, 580 (9th Cir. 2020) (stating what a plaintiff "could not do is attempt to pursue a hostile-work-environment claim in a separate EEO complaint" after filing a union grievance). Thus, Plaintiff's EEO complaint would need to relate to a different matter to be viable. But Plaintiff filed a union grievance and EEO complaint about the same matter.

Courts have dependably found that the word "matter" in 5 U.S.C. § 7121 and 29 C.F.R. § 1614.301 " 'refer[s] to the underlying government action which precipitated the complaint,' not the legal theory employed to challenge the government action." *Mohr*, 2019 WL 8014316, at *8 (citing *Redmon v. Mineta*, 243 F. App'x 920, 924 (6th Cir. 2007))

(collecting cases). Further, in *Guerra v. Cuomo*, the D.C. Circuit referred to the following test for determining whether a grievance and complaint cover the "same matter": "[i]f [the employee] raised a topic in both documents, or if the arbitrators assigned to handle the grievance would necessarily have needed to inquire into a topic in discharging their duties . . . ," the same matter is involved. 176 F.3d 547, 550 (D.C. Cir. 1999) (quoting *Facha v. Cisneros*, 914 F.Supp. 1142, 1149 (E.D. Pa. 1996)).

Here, Plaintiff argues that the "issue raised in the grievance filed by [her] in May of 2018 was separate from the issue raised in the EEO complaint." [Doc. 18, p. 9]. But both these matters concern Plaintiff's disability and inability to obtain handicap parking. [Doc. 17-1, pp. 2—5 (EEO complaint)]; [Doc. 17-4, p. 1 (Step I decision discussing handicap parking accessibility)]; [Doc. 17-5, p. 1 (Step II decision discussing handicap parking)]; [Doc. 1, p. 4 (Plaintiff's Complaint)]. Thus, the Court finds both the EEO complaint and grievance through the collective bargaining agreement relate to the same factual matter.

Again, Plaintiff needed to fully pursue her rights through the union grievance process before filing suit in the district court. Because she failed to complete the union-grievance-arbitration process all the way through, she did not fully exhaust her administrative remedies before bringing her action in the district court. Therefore, her claim is barred.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss for failure to exhaust administrative remedies. [Doc. 17].

**SO ORDERED**, this 6th day of August, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
